**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS W. KARIMI,<br><br>               Petitioner,<br><br>   v.<br><br>LORETTA F. LYNCH, Attorney General,<br><br>               Respondent. | Case No. SACV 16-11 VAP (SS)<br><br>**ORDER DISMISSING HABEAS ACTION WITHOUT PREJUDICE** |

    Dennis Wangombe Karimi ("Petitioner"), an immigration detainee proceeding pro se, has filed a document entitled "Petition for Writ of Coram Nobis" (the "Petition"). A petition for a writ of error coram nobis seeks an extraordinary remedy, but may be available for a foreign national in removal proceedings to seek dismissal of a fully served conviction that is the basis for deportation. U.S. v. Chan, 792 F.3d 1151, 1153 (9th Cir. 2015).

Petitioner does not, however, seek to dismiss his conviction or even identify his actual conviction. It appears from the contents of Petitioner's filing that he is not challenging the legality of his conviction or otherwise claiming to be in custody in violation of the Constitution or the laws or treaties of the United States. (See Petition at 1-2). The Court need neither grant the writ nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Petition does not seek habeas relief. Instead, Petitioner complains about the conditions of his confinement as an immigration detainee. (See Petition at 1). Petitioner's claims are difficult to understand, but he complains about access to a law library and a lack of recreation. (Id.). Petitioner appears to complain solely about the conditions of his custody, not the illegality of the detention itself.

Thus, the Court concludes that the jurisdictional requisite for a section 2241 habeas petition has not been met. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (explaining the distinction between a habeas action and a civil rights action); Hartman v. Summers, 878 F.

1  Supp. 1335, 1347 n.15 (C.D. Cal. 1995) ("[T]he Ninth Circuit has
2  made clear that habeas petitions are limited to attacks upon
3  legality or duration of confinement.").
4
5
6     The Court has also considered whether to ignore the
7  erroneous labeling of the Petition and construe this pleading as
8  a civil rights complaint.  See Hanson v. May, 502 F.2d 728, 729
9  (9th Cir. 1974) ("Despite the labeling of his complaint [as a
10 habeas petition], [the petitioner] was, therefore, entitled to
11 have his action treated as a claim for relief under the Civil
12 Rights Act."); Wilwording v. Swenson, 404 U.S. 249, 251 (1971)
13 ("Petitioners were therefore entitled to have their actions
14 treated as claims for relief under the Civil Rights Acts
15 . . . .").  However, there are procedural and pleading
16 requirements for a civil rights action that are not clear from
17 the face of the current Petition.  Thus, the Court concludes that
18 the more appropriate course is to dismiss this habeas action
19 without prejudice.
20 \\
21 \\
22 \\
23 \\
24 \\
25 \\
26
27
28

Consistent with the foregoing, IT IS ORDERED that Judgment be entered dismissing this action without prejudice. IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this Order and the Judgment on Petitioner at his current address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 23, 2016

*[signature: Virginia A. Phillips]*

UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

4